UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT | ) | ML No: 1-19-ML-01057 |
| TO 18 U.S.C. § 3512 FOR ORDER FOR | ) | |
| COMMISSIONER'S APPOINTMENT FOR | ) | |
| FRAUD INVESTIGATION | ) | |
| | ) | |

*Reference:      DOJ Ref. # CRM-182-58018*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Gary Ian Peng, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Switzerland.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Switzerland, the Federal Office of Justice, submitted a

request for assistance (the Request) to the United States, pursuant to the Treaty Between the

United States of America and the Swiss Confederation on Mutual Assistance in Criminal

Matters, U.S.-Switz., May 25, 1973, 27 U.S.T. 2019 (the Treaty).  As stated in the Request, the

Public Prosecutor's Office for the Canton of Berne in Switzerland is investigating David Saraf

Yakir for misappropriation, fraud, and money laundering, which occurred between on or about

May 25, 2012 and on or about November 10, 2017, in violation of the criminal law of

Switzerland, specifically, Articles 138, 146, and 305 of the Swiss Criminal Code.  Under the

Treaty, the United States is obligated to assist in response to the Request.

2.      According to Swiss authorities, David Saraf Yakir (Saraf Yakir) represented

himself as a stock exchange expert to a client who wanted to invest in stocks (Victim).  Victim

transferred a total of 85,000 Swiss Francs (approximately 89,000 USD), for the purpose of stock

investments, to bank accounts in Switzerland and the United States at the direction of Saraf

Yakir.  Victim made two of these transfers to Bank of America N.A. account number

XXXXXXXX9504, located in the United States and held for the benefit of "Yahir Saraf."

Specifically, on June 20, 2012, Victim transferred 15,000 Swiss Francs (approximately 16,000

USD) of his funds to the bank account, and on August 8, 2012, Victim transferred 60,000 Swiss

Francs (approximately 62,000 USD) to the bank account.  Several months later, Saraf Yakir told

Victim that there was a lawsuit against him, that his bank account was frozen until the lawsuit

was settled and, consequently, he could not transfer funds back to Victim.  Victim continued to

communicate with Saraf Yakir, with hopes that he would receive his money back once Saraf

Yakir's supposed lawsuit was settled.  On November 10, 2017, Victim reported the incident to

Swiss authorities.  To date, Victim has not received any money back from Saraf Yakir.

3.      To further the investigation, Swiss authorities have asked U.S. authorities to

provide bank records pertaining to Bank of America N.A. account number XXXXXXXX9504.

## LEGAL BACKGROUND

4.      A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The

provisions of a treaty have equal footing with acts of Congress and are binding on the courts.

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

See <u>Asakura v. City of Seattle</u>, 265 U.S. 332, 341 (1924); <u>United States v. The Peggy</u>, 5 U.S. 103 (1801); <u>United States v. Emuegbunam</u>, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  <u>United States v. Stuart</u>, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  <u>Zschernig v. Miller</u>, 389 U.S. 429, 440-41 (1968).

5.      The United States and Switzerland entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  <u>See</u> Treaty, pmbl.  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, records, and executing searches and seizures.  Treaty, Article 1.  In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests.  Treaty, Article 31(3) ("The court . . . to which a request is transmitted . . . shall, when necessary, issue a procedural document in accordance with its own procedural law to require the attendance and statement or testimony of persons, or the production or preservation of documents, records or articles of evidence.").

6.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

\*                    \*                    \*

[A]n application for execution of a request from a foreign authority under this
section may be filed . . . in the District of Columbia.

\*                    \*                    \*

The term "foreign authority" means a foreign judicial authority, a foreign
authority responsible for the investigation or prosecution of criminal offenses or
for proceedings related to the prosecution of criminal offenses, or an authority
designated as a competent authority or central authority for the purpose of making
requests for assistance pursuant to an agreement or treaty with the United States
regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7.      Congress enacted this section to make it "easier for the United States to respond
to [foreign] requests by allowing them to be centralized and by putting the process for handling
them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen.
Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat.
2086.[2]  This section provides clear authority for the federal courts, upon application duly
authorized by an appropriate official of the Department of Justice, to issue orders that are
necessary to execute a foreign request.

8.      An application is duly authorized by an appropriate official of the Department of
Justice when the Office of International Affairs[3] has reviewed and authorized the request, and

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures
authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign
authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. §
3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests
were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc.,
542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512,
Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in
response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093
(2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office
of International Affairs the authority to serve as the "Central Authority" under treaties and executive

4

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  *See* 18

U.S.C. § 3512(a)(1)-(b)(1).  In addition, a federal judge may order any necessary procedures to

facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

      9.      Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to:  (1) issue an order requiring a person to appear and/or produce documents or other things; (2)

administer any necessary oaths; and (3) take testimony or statements and receive documents or

other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents

or other things, the person appointed, commonly referred to as the "commissioner," typically

uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or

executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's

Subpoena" is included as Attachment A.

---

agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . . Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

## REQUEST FOR ORDER

10.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Federal Office of Justice, the designated Central Authority in Switzerland and seeks assistance in the investigation of misappropriation, fraud, and money laundering—criminal offenses in Switzerland.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

11.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12.     When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  Young v. U.S. Dept. of Justice, 882 F.2d 633,

639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987).

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Gary Ian Peng, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, to do so in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Gary Ian Peng
Trial Attorney
NY Bar Number 4998282
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-0088
Gary.Peng@usdoj.gov

7

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
IN RE APPLICATION OF USA PURSUANT          )
TO 18 U.S.C. § 3512 FOR ORDER FOR            )
COMMISSIONER'S APPOINTMENT FOR           )
*[Insert Nature of Case/Investigation]*              )
                                                                    )
_____)

*Reference:*      *[Insert DOJ#]*
**(Please repeat when responding.)**

## COMMISSIONER'S SUBPOENA

TO: *[Insert Name of Entity]*

   I, Commissioner *[Insert Attorney Name]*, Trial Attorney, Office of International Affairs,

Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this

Court's Order signed on *[Insert Date]*, for the purpose of rendering assistance to *[Insert*

*Country]*, command that you provide the following documents regarding (an) alleged

violation(s) of the laws of *[Insert Country]*; specifically, *[Insert Name of Offense(s)]*, in violation

of Section *[Insert Number]* of the *[Insert Country Adjective] [Criminal][Penal]* Code:

   Provide records to International Affairs Specialist *[Insert Name]* by emailing them to

*[Insert Email Address]* or by mailing via FedEx either a paper copy of the records or any

commonly used digital storage device loaded with the files to the following mailing address by

_____, 20__:

*[Insert IAS Name, Mailing Address, Email Address, and Telephone Number]*

**[[IF THE REQUESTING COUNTRY REQUESTED CONFIDENTIALITY, ADD:]**

   Pursuant to the Court's Order signed on _____, 20__, no notice of this subpoena or

its contents is to be given to any person unless otherwise authorized to do so by the Court, except

that _____ may notify *[its/his/her/their]* attorney for the purpose of obtaining legal advice.**]**

       For failure to provide records **[If Applicable Add:** *and/or appear for testimony]*, **[If Confidentiality Is Requested, Add:** or for disclosure of the existence of the subpoena,**]** you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____

                                  _____

                                  COMMISSIONER
                                  *[Insert Name]*
                                  Trial Attorney
                                  Office of International Affairs
                                  Criminal Division, Department of Justice
                                  1301 New York Avenue, N.W., Suite 800
                                  Washington, D.C. 20530
                                  (202) *[Insert Number]*
                                  *[Insert Email Address]*

2